UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

In re ROBERT E. CASSIDY,          ) Case No. 04-64032-WA4-11
                                  )
         Debtor,                  )
                                  )
                                  )
_____ )

## MEMORANDUM and ORDER

On or about January 28, 2005, the court issued an order approving the application for employment of Brumberg, Mackey & Wall, P.L.C. ("BMW") in this case. The order provided, among other things, that the debtor, and not BMW, would be permitted to employ Walter Jones, C.P.A. On or about January 31, 2005, BMW filed a motion for reconsideration of the issue of whether it could employ Mr. Jones directly.

At the hearing on the motion for reconsideration, Mr. Jones testified that the services that he will render to the debtor will be limited to assisting the debtor's criminal counsel in preparing to defend against a potential criminal action that might be filed against the debtor by the United States attorney. He testified that he will only attempt to ascertain how the United States will proceed in any prosecution. He further testified that his services will not include (1) preparation of tax returns; (2) preparation of financial statements; (3) audits; or (4) opinion letters. He further testified that he would be bound under the provisions of applicable ethical code to resign if the court does not permit BMW to employ him directly. He has waived his pre-petition claim, in the approximate amount of $250.00. All of Mr. Jones fees will be paid from a source other than property of the estate. In the motion for reconsideration, the debtor also indicated that he did not object to the continuing review

1

of his fees by this court.

A trustee may employ an accountant to represent or assist the trustee in carrying out the trustee's duties under this title. 11 U.S.C. § 327(a). Any such employment must be approved by the bankruptcy court. The rights and responsibilities of a trustee, with some exceptions, are extended to a debtor-in-possession. 11 U.S.C. § 1107(a). Mr. Jones will not be employed to assist the debtor-possession-in his capacity as trustee. Accordingly, section 327 does not apply to his employment. See Roland v. Unum Life Insurance Company of America 223 B.R. 499, 506 (E.D.Va. 1998) (Holding that "permission of the bankruptcy court was not required for what was essentially a matter solely confined to the [debtors] as individuals separate from the bankruptcy estate."

### AMENDED ORDER

The order in this case dated January 28, 2005, requiring Mr. Jones to be employed by the debtor is amended to permit Brumberg, Mackey & Wall, P.L.C., to employ Mr. Jones directly to assist the firm in its preparation of the debtor's defense of any possible criminal matter. This fact notwithstanding, Mr. Jones shall file an application for compensation with the court, and receive approval of the same, before he is paid by Brumberg, Mackey & Wall, P.L.C., or the debtor. Any such application shall be filed under seal as previously ordered by this court and shall be subject to review by the United States trustee. Any payment to Mr. Jones shall be from property that is not an asset of the estate in this case.

So ORDERED.

Upon entry of this Order, the Clerk shall forward copies to Mark A. Black, Esq., counsel for the debtor and the United States trustee.

Entered on this 18th day of March, 2005.

William E. Anderson
United States Bankruptcy Judge

2